UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **ANTHONY J. GUILLORY** <br> **LA. DOC #482031** | **CIVIL ACTION NO. 2:11-cv-2173** |
| | **SECTION P** |
| **VERSUS** | |
| | **JUDGE MINALDI** |
| **WARDEN JERRY GOODWIN** | **MAGISTRATE JUDGE KAY** |

### REPORT AND RECOMMENDATION

*Pro se* petitioner Anthony J. Guillory, a prisoner in the custody of Louisiana's Department of Public Safety and Corrections, filed the instant petition for writ of *habeas corpus* (28 U.S.C. § 2254) on December 14, 2011. Petitioner attacks his 2004 convictions for manslaughter and obstruction of justice and the sentences totaling thirty-five years imposed by the Thirty-Third Judicial District Court, Allen Parish.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE** as time-barred by the provisions of 28 U.S.C. § 2244(d).

*Background*

Petitioner was convicted of manslaughter and obstruction of justice on April 23, 2004. Doc. 1, p. 1. On July 9, 2004, he was sentenced to consecutive sentences of thirty and five years. Doc. 1, att. 2, p. 16. The convictions and sentences were affirmed in an unpublished opinion of the Third Circuit Court of Appeals on March 9, 2005. *State of Louisiana v. Anthony Jerod Guillory*, 896 So.2d 370 (La. App. 3 Cir. 2005) (Table). His application for writs was denied by

the Louisiana Supreme Court on June 2, 2006. *State of Louisiana ex rel. Anthony J. Guillory v. State of Louisiana*, 929 So.2d. 1247 (La. 2006). He did not seek further direct review in the United States Supreme Court. Doc. 1, p. 4.

On May 27, 2008, petitioner filed a *pro se* application for post-conviction relief in the Thirty-Third Judicial District Court. Doc. 1, p. 5; *see also* doc. 1, att. 2, pp. 13-15, 17-23. A hearing was convened on April 15, 2009, but relief was denied. Doc. 1, att. 2, pp. 31-54. On November 9, 2009, petitioner's application for writ of review was denied by the Third Circuit Court of Appeals. Doc. 1, att. 2, p. 71. His application for writ of review was then denied by the Louisiana Supreme Court on December 17, 2010. *State of Louisiana ex rel. Anthony Jerod Guillory v. State of Louisiana*, 51 So.3d 22 (La. 2010).

Petitioner signed the instant petition on December 13, 2011, and it was received and filed on December 14, 2011. Doc. 1, p. 1. Petitioner argues two claims for relief: (1) ineffective assistance of trial counsel; and (2) the use of peremptory challenges in a racially discriminatory manner in violation of *Batson v. Kentucky*, 476 U.S. 79 (1986). Doc. 1, att. 1.

*Law and Analysis*

I.      *Timeliness under § 2244(d)(1)(A)*

This petition was filed after the April 1996 effective date of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA); therefore, the court must apply the provisions of the AEDPA, including the timeliness provisions. *See Villegas v. Johnson*, 184 F.3d 467, 468 (5th Cir. 1999); *In re Smith*, 142 F.3d 832, 834 (5th Cir. 1998) (citing *Lindh v. Murphy,* 521 U.S. 320, 336 (1997)).

Title 28 U.S.C. § 2244(d)(1)(A) was amended by AEDPA to provide a one-year statute of limitations for the filing of an application for writ of *habeas corpus* by a person in custody

pursuant to the judgment of a State court. This limitation period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . ." 28 U.S.C. § 2244(d)(1)(A).[1]

The statutory tolling provision set forth in 28 U.S.C. § 2244(d)(2) provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period. *See Ott v. Johnson*, 192 F.3d 510, 512 (5th Cir. 1999); *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998). However, any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period and the limitations period is tolled only for the time that the properly filed application remains pending. *See Villegas*, 184 F.3d at 472 (citing *Flanagan v. Johnson*, 154 F.3d 196, 199 n. 1 (5th Cir.1998)).

Federal courts may raise the one-year time limitation *sua sponte*. *Kiser v. Johnson,* 163 F.3d 326, 329 (5th Cir. 1999).

Petitioner appealed his conviction and sentence; thereafter he sought further direct review in the Louisiana Supreme Court. The direct appeal process ended on June 2, 2006, when the Louisiana Supreme Court denied writs. *State of Louisiana ex rel. Anthony J. Guidry v. State of Louisiana*, 929 So.2d 1247 (La. 2006).

Petitioner's judgment of conviction and sentence became final for AEDPA purposes by "the expiration of the time for seeking [further] direct review . . . ." *See Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999) (a state conviction "becomes final upon direct review, which occurs upon denial of *certiorari* by the Supreme Court or expiration of the period for seeking

---

[1] Nothing of record suggests that the limitations period should be reckoned as provided by 28 U.S.C. § 2244 (d)(1)(B), (C), or (D) in that petitioner has not alleged the presence of state created impediments to filing; nor does his claim arise as a result of a newly recognized Constitutional right; nor does it involve the recent discovery of the factual predicate of his claims.

*certiorari*"). Under Rule 13.1 of the Supreme Court Rules petitioner had ninety days from the Louisiana Supreme Court's June 2, 2006, judgment denying his petition, to file a petition for a writ of *certiorari*. The final date to file for review would have been September 2, 2006. *See Caspari v. Bohlen*, 510 U.S. 383, 390 (1994).

Statutory tolling pursuant to § 2244(d)(2) does not apply. The application for post-conviction relief was filed on May 27, 2008 [doc. 1, p. 5; doc. 1, att. 2, pp. 13-15, 17-23] and, by that time, the limitations period had already expired and could not be revived. *See Villegas*, 184 F.3d at 472.

Petitioner's complaint is clearly time-barred by the provisions of 28 U.S.C. § 2244(d).

## II.     *Equitable Tolling*

The Fifth Circuit has held that the AEDPA's one-year statute of limitations can, in rare and exceptional circumstances, be equitably tolled. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). However, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006) (citing *Felder v. Johnson*, 204 F.3d 168, 174 (5th Cir. 2000)). As noted by the Supreme Court, "[t]o be entitled to equitable tolling, [the petitioner] must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Petitioner has not displayed any extraordinary circumstances that stood in his way in this case. Petitioner has not alleged that he was actively misled by the state of Louisiana or that he was prevented in some extraordinary way from asserting his rights by timely filing his *habeas* claims.

### *Conclusion and Recommendation*

The petition is time-barred by the provisions of 28 U.S.C. § 2244(d)(1)(A). Equitable tolling does not apply. Of course, this is a recommendation, and as instructed below, petitioner may object to the recommendation. Should he choose to do so he is encouraged to provide evidence and argument to support any claim that his federal *habeas corpus* was timely or that he is otherwise entitled to the benefits of statutory or equitable tolling.

Therefore,

**IT IS RECOMMENDED** that this petition for *habeas corpus* be **DENIED AND DISMISSED WITH PREJUDICE** because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. § 2244(d).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or**

**the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Auto. Ass'n*, **79 F.3d 1415 (5th Cir. 1996).**

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** *See* 28 U.S.C. § 2253(c)(2). **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

THUS DONE this 13th day of June, 2012.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE